THE TERRITORY OF HAWAII *v.* ILENE WARREN, ALIAS "SPEED" WARREN.

No. 2376.

FILED OCTOBER 28, 1939.          DECIDED NOVEMBER 25, 1939.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE BROOKS
IN PLACE OF KEMP, J., DISQUALIFIED.

*Per Curiam.* The decision of this court affirming the judgment and sentence of the lower court was rendered herein on October 20, 1939. On the same day and pursuant

to the requirements of rule 10 of the supreme court rules the mandate was issued and the cause remitted to the circuit court.

Appellant has presented to this court a petition for rehearing but has made no application for the recall of the mandate. The effect of the issuance of the mandate was to automatically remove the cause from the jurisdiction of this court and to reinstate it before the circuit court. A petition for rehearing is authorized under rule 5 of the supreme court rules and this rule provides that if the cause has been remitted to the lower court it may be recalled. It was incumbent upon appellant to take the necessary steps to recall the mandate so that this court would become reinvested with jurisdiction and thus empowered to consider the petition for rehearing. Where a party desires to present a petition for rehearing to this court after the cause has been remanded to the court below he should make proper application for the recall of the mandate. Upon good cause shown this court may recall the mandate and resume jurisdiction of the case. Appellant having failed to obtain a recall of the mandate leaves this court wholly without jurisdiction and the petition for rehearing submitted herein should be and is dismissed.

The foregoing is not to be considered as any limitation upon, or restriction of, the inherent power of this court of its own motion seasonably made to take all necessary steps to correct its own opinions or judgments. Although without jurisdiction to pass upon the merits of the motion for rehearing, we have carefully examined it and entertain no doubt that were it properly before us for consideration we would be compelled to deny the petition for lack of merit.